# GLYNN, FITZGERALD & ALBEE, S.C.

ATTORNEYS AT LAW

STEPHEN M. GLYNN
MICHAEL J. FITZGERALD
CRAIG W. ALBEE
―――
CAROL S. JOSTEN

526 EAST WISCONSIN AVENUE
MILWAUKEE, WISCONSIN 53202
TELEPHONE (414) 221-9600
FACSIMILE (414) 221-0600

March 2, 2005

Honorable William E. Callahan, Jr.
U.S. Magistrate Judge
517 E. Wisconsin Avenue
Milwaukee, WI 53202

Re: *United States v. Jefferson N. Calimlim, Elnora M. Calimlim & Jefferson M. Calimlim*
Case No. 04-CR-248

Dear Magistrate Judge Callahan:

One of the motions pending before the Court is the Joint Motion of Defendants Jefferson N. and Elnora M. Calimlim to Suppress Search Warrant Issued on September 28, 2004 Based on Lack of Probable Cause. While conducting research today on an unrelated matter, I came across the case of *United States v. Koerth*, 312 F.3d 862 (7th Cir. 2002), which I wish to bring to the attention of the Court.

*Koerth* is a drug case from the Western District involving a search warrant issued on the basis of information received from a named informant. The Seventh Circuit found (and the government stipulated) that the affidavit was inadequate to establish probable cause because the informant's information contained nothing more than uncorroborated and conclusory allegations.

The present case involves an anonymous informant, so there is no basis to judge the informant's reliability. *Koerth* makes it clear that the key factor in such a situation is corroboration of the informant's information.

Here, only innocent details of the informant's information were corroborated – the Calimlim's are physicians, they live at 19120 Still Point Trail, and there are blueprints at the

Brookfield Town Assessor's office showing a basement for this residence with the word "storage" crossed out and the words "wine cellar" written next to it. The affidavit does not provide the date of these documents, or whether the "wine cellar" was approved, denied or modified.

The key assertion of the informant – that "Erma Martinez" was an illegal alien living in the home – is not corroborated. The information in paragraph 3 of the affidavit regarding Agent Stilling's search of the "DHS Central Index System" for "Erma Martinez" adds nothing to the informant's information. Agent Stillings was not able to find any person in the database matching the description of "Erma Martinez" provided by the informant. The affidavit does not indicate how information gets into the database, how many names it contains, how it is maintained and updated, how recent it is, and how complete and accurate it is. The attempts to deliver a package to "Erma Martinez" were unsuccessful and provided no corroboration that there was an illegal alien living in the Calimlim's home.

It should also be noted that the informant claimed that "Erma Martinez" left the home to walk the dog and attend church. The informant's information was provided on August 24, 2004. The warrant was issued on September 28, 2004. In the intervening four weeks, Agent Stillings was able to position himself in a location to conduct surveillance of the Calimlim's home (the attempted package delivery, *see* paragraph 16). This means that the agents, for at least a month, could have surveilled the Calimlim's home and observed "Erma Martinez" walking the dog or leaving for church. Such observations would not necessarily have established that "Erma Martinez" was an illegal alien, but at least would have corroborated the informant's claim that a person matching that description lived in the home. The affidavit fails to provide this corroboration.

The probable cause showing that an illegal alien named "Erma Martinez" lived in the Calimlim's home rests entirely on the unsubstantiated statement of an anonymous caller. As Judge Coffey said in *Koerth*, "[t]o uphold the state judge's ruling in this case would be to ratify the search of a home based on the use of essentially conclusory statements without corroboration." *Id*. at 868. "[W]e refuse to water down the probable cause standard in the name of fighting crime. Due to the lack of the necessary quantum of reliable information, we hold that the warrant was invalid." *Id*. (citations omitted). This Court should reach the same conclusion.

Judge Coffey goes on to address the issue of good faith reliance on the warrant, and ultimately finds that suppression is not warranted. In the present case, the government did not raise good faith on this issue (Government Response, p. 5-8), which is the government's burden. *Id*.

Thank you for your consideration.

Sincerely,

GLYNN, FITZGERALD & ALBEE, S.C.


　　s/Michael J. Fitzgerald
Michael J. Fitzgerald

MJF/jmb

c:　　Tracy Johnson
　　　Assistant United States Attorney

　　　Thomas E. Brown
　　　Attorney at Law

　　　Rodney Cubbie
　　　Attorney at Law