UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br>v.<br><br>JEFFERSON N. CALIMLIM,<br>ELNORA M. CALIMLIM,<br>and JEFFERSON M. CALIMLIM,<br><br>Defendants. | '05 DEC -6 P5:00<br><br>Case No. 04-CR-248(RTR)<br><br>[8 U.S.C. §§ 1324(a)(1)(A)(iii),<br>1324(a)(1)(B)(i), 1324(a)(1)(A)(v)(I),<br>18 U.S.C. § 1001, 18 U.S.C. §§ 1589, 1594<br>and 18 U.S.C. § 371] |

## THIRD SUPERSEDING INDICTMENT

### COUNT ONE

THE GRAND JURY CHARGES:

1. Beginning in 1985 and continuing through September 29, 2004, in the State and Eastern District of Wisconsin and elsewhere, the defendants,

**JEFFERSON N. CALIMLIM,
and ELNORA M. CALIMLIM,**

did knowingly and willfully combine, confederate, conspire and agree with each other and others known and unknown to the grand jury to commit offenses against the United States set forth in 18 U.S.C.§ 1589, specifically,

      (a)    provide and obtain the labor and services of "I.M." by threats of serious harm to, and physical restraint against "I.M."; and

      (b)    by means of a scheme, plan, and pattern intended to cause "I.M." to believe that, if she did not perform such labor and services, she would suffer serious harm and physical restraint; and

(c) by means of the abuse and threatened abuse of law and the legal process.

## Manner and Means of the Conspiracy

2. It was part of the conspiracy that the defendants and others known and unknown to the grand jury enticed "I.M." to come to the United States for five years, promising her a salary, free room and board, and legal status, in exchange for caring for the defendants' children and providing other domestic services.

3. It was part of the conspiracy that the defendants secured "I.M.'s" labor and services by continuously telling "I.M." over the 19 years that if she was seen publicly or violated their house rules she would be arrested, imprisoned, and deported because she was illegally in the United States.

4. It was part of the conspiracy that "I.M." was not allowed to leave the defendants' house for most of the 19 years to isolate her from society and her family.

5. It was part of the conspiracy that the defendants controlled and monitored every aspect of "I.M.'s" life functions.

6. It was part of the conspiracy that the defendants mislead "I.M." into believing she was being paid for her labor and services when, in fact, she worked for significantly less than the prevailing wage, fifteen hours a day, seven days a week, for 19 years.

## Acts in Furtherance of the Conspiracy

In furtherance of the conspiracy, and to accomplish the objects of the conspiracy, at least one of the defendants committed or caused to be committed at least one of the following overt acts, among others, in the Eastern District of Wisconsin, and elsewhere:

7. In or about 1985, the defendants recruited "I.M." to come to the United States for five years to care for their children and provide domestic services and labor for them in exchange

for a salary, free room and board, and a legal status that would allow her to periodically visit her family in the Phillippines.

8. On or about July 20, 1985, the defendants confiscated "I.M.'s" passport and visa and held it in their possession continuously through September 29, 2004.

9. In or about September 1985, the defendants told "I.M." that her visa was invalid (although it was valid for two years), that she was illegal, and that she could not leave the house or she would be arrested, imprisoned, and deported.

10. Between July 20, 1985 and September 29, 2004, the defendants required "I.M." to work seven days a week, fifteen hours a day, and to be "on-call" for them during the night.

11. Between 1985 and September 29, 2004, the defendants threatened "I.M." with arrest, imprisonment, and deportation for violating their house rules.

12. Between approximately 1995 and September 29, 2004, the defendants required "I.M." to lock herself in her basement bedroom when guests were in the house and instructed her not to leave her room, for any reason, including to use the bathroom.

13. Between approximately 1995 and September 29, 2004, defendant Elnora M. Calimlim required "I.M." to lock herself in her bedroom every night.

14. Between July 20, 1985 and September 29, 2004, the defendants read and often confiscated "I.M.'s" mail.

15. Between 1985 and September 29, 2004, the defendants told "I.M." that she could not have friends, date, or have any social life.

16. Between 1985 and September 29, 2004, the defendants required "I.M." to duck down or lie down in the backseat of their vehicle, so that no one would see her, whenever they transported her in the Milwaukee area.

17. Between 1985 and September 29, 2004, the defendants denied all of "I.M.'s" requests to call her family in the Phillippines.

18. Between 1985 and September 29, 2004, the defendants denied "I.M." necessary dental and medical care and treatment.

19. Between 1985 and September 29, 2004, the defendants refused "I.M.'s" repeated requests that they legalize her status, so that she could periodically return home to visit her family in the Phillippines.

20. Between 1985 and September 29, 2004, the defendants falsely represented to "I.M." that she was being paid regular wages for her labor and services.

All in violation of Title 18, United States Code, Sections 371 and 1589.

## COUNT TWO

THE GRAND JURY FURTHER CHARGES:

Between October 29, 2000 and September 29, 2004, in the State and Eastern District of Wisconsin and elsewhere, the defendants,

**JEFFERSON N. CALIMLIM,
and ELNORA M. CALIMLIM,**

did knowingly provide and obtain and attempt to provide and obtain the labor and services of a Filipino national, "I.M.," by threats of serious harm to and physical restraint against "I.M.," by means of a scheme, plan and pattern intended to cause "I.M." to believe that, if she did not perform such labor and services, she would suffer serious harm, and physical restraint, and by means of the abuse and threatened abuse of law and the legal process.

All in violation of Title 18, United States Code, Sections 1589, 1594, and 2.

# COUNT THREE

THE GRAND JURY FURTHER CHARGES:

1. Between 1985 and September 29, 2004, in the State and Eastern District of Wisconsin and elsewhere, the defendants,

**JEFFERSON N. CALIMLIM,
ELNORA M. CALIMLIM,
and JEFFERSON M. CALIMLIM**

knowingly and recklessly disregarding the fact that an alien, "I.M.," had come to, entered and remained in the United States in violation of law, did conceal, harbor, and shield from detection such alien in their residence and elsewhere.

2. The defendants harbored the alien for the purpose of private financial gain.

All in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(iii) and 1324(a)(1)(B)(I).

# COUNT FOUR

THE GRAND JURY FURTHER CHARGES:

1. Between 1985 and September 29, 2004, in the State and Eastern District of Wisconsin and elsewhere, the defendants,

**JEFFERSON N. CALIMLIM,**
**ELNORA M. CALIMLIM,**
**and JEFFERSON M. CALIMLIM,**

knowingly and willfully did combine, conspire, and agree together and with others to harbor and conceal an alien for the purpose of private financial gain, in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(iii) and 1324(a)(1)(B)(I).

2. As part of the conspiracy:

   a. The defendants employed a female Filipino national, "I.M.," as a domestic worker between 1985 and September 29, 2004. The domestic worker was responsible for caring for the Calimlim children, cleaning the home, and preparing the family meals.

   b. The Filipino national lived and worked in the defendants' residence.

   c. The defendants promised the Filipino national that money would be sent to her family in the Phillippines as long as she continued to work for them.

   d. The defendants did not allow the Filipino national to leave their residence without supervision, and convinced her to submit to these conditions by threatening her with arrest, imprisonment, and deportation due to her status as an illegal alien.

All in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(v)(I) and 1324(a)(1)(B)(I).

## COUNT FIVE

THE GRAND JURY FURTHER CHARGES:

On or about September 29, 2004, in the State and Eastern District of Wisconsin, in a matter within the jurisdiction of the United States Department of Justice, Federal Bureau of Investigation, the defendant,

**JEFFERSON M. CALIMLIM,**

knowingly and willfully made a false material statement, in that the defendant informed a federal agent that he did not know the whereabouts of "I.M.," and had not seen her for a year when in fact, as he well knew, "I.M." resided at and was present in the same residence as the defendant at the time that he was questioned.

All in violation of Title 18, United States Code, Section 1001.

**FORFEITURE NOTICE**

Any property real or personal that was used to facilitate, or was intended to be used to facilitate the commission of the violations set forth in counts one and two, shall be subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 982(a)(6). The property subject to forfeiture include the following: the personal residence of Jefferson and Elnora Calimlim located at 19120 Stillpoint Trail, Brookfield, Wisconsin 53045.

A TRUE BILL:

_____
FOREPERSON

Date: 12-06-2005

*[signature]*
STEVEN M. BISKUPIC
United States Attorney
Eastern District of Wisconsin

R. ALEXANDER ACOSTA
Assistant Attorney General
Civil Rights Division

By _____
Susan L. French
Trial Attorney
Criminal Section