UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                       Case No. 04-CR-248

JEFFERSON N. CALIMLIM and
ELNORA M. CALIMLIM, and
JEFFERSON M. CALIMLIM

    Defendants.

**DEFENDANTS' MOTION IN LIMINE**

The defendants, by counsel, pursuant to Fed. R. Evid. 104, move the Court for an order excluding the following evidence at the trial of this action:

**I. PARENTAL DISCIPLINE, PARENT-CHILD RELATIONSHIPS AND CONFLICTS**

One of the relatively unique aspects of this case is the fact that it involves the life of a family over a twenty year time period, including not only Dr. and Mrs. Calimlim, but their children as well. In addition to the defendant Jefferson N. Calimlim (Jeff, Jr.), the Calimlims also have two other children, Jack and Tina, who have been interviewed by the government.

Perhaps not surprisingly, the discovery contains references to family conflicts over the course of those twenty years. Generally, Dr. Calimlim is characterized as a stern and strict disciplinarian, often short-tempered and intolerant in his dealings with his family.

Specific instances are outlined in the discovery, which do not portray Dr. Calimlim in a flattering light. As the Court might imagine, there are two sides to these stories, and the potential for a "trial within a trial" if such evidence is admitted.

The Court should exclude this evidence because it is irrelevant, and nothing more than impermissible character evidence. From the discovery materials, it is apparent that any instances of conduct occurred between Dr. Calimlim and his children, *not* Irma Martinez.

In addition to the risk of prejudice, a related concern is the danger that this evidence will confuse the issues. The issue for the forced labor counts is whether the defendants made threats and used coercion against Irma Martinez for the purpose of obtaining her services. Even if Irma Martinez was aware of conflicts between Dr. Calimlim and his children, and even if he engaged in threatening and potentially violent behavior toward them, unless the evidence shows that Dr. Calimlim did so for the purpose of causing Irma Martinez to provide her labor or services, such evidence is entirely irrelevant.

Moreover, this evidence has no probative value as to the other defendants. The danger of "spill-over prejudice" to Elnora Calimlim and Jeff, Jr. would merit a severance if this evidence were admitted. *See, e.g., United States v. Hardin*, 209 F.3d 652, 664 (7th Cir. 2000), *vacated on other grounds*, 531 U.S. 1135 (2001).

Accordingly, pursuant to Fed. R. Evid. 401 and 403, the defendants request that the Court exclude this evidence because it is irrelevant, and any marginal relevance it does have is outweighed by the danger of unfair prejudice and confusion of the issues.

2

## II.     WEALTH EVIDENCE

It is impermissible for the government to use wealth evidence in an effort to equate wealth with wrongdoing and to appeal to the potential bias of jurors who may be less well off than the defendants. *United States v. Stahl*, 616 F.2d 30, 31 (2d Cir. 1999).

The defendants acknowledge that one of the elements of Counts 3 and 4 is that they acted for the purpose of private financial gain. However, the government should be required to limit the presentation of any wealth evidence, and argument about such evidence, to this limited purpose. *See, e.g., United States v. Quattrone*, 441 F.3d 153 (2d Cir. 2006) (wealth evidence admissible, but only for limited purpose of motive; limiting instruction appropriate).

## III.    PRE-10/29/00 CONDUCT PERTAINING TO COUNTS 1 AND 2

Count 2 charges forced labor under 18 U.S.C. §1589. Even though Irma Martinez had lived with the Calimlims since 1985, the grand jury charges this count as beginning on October 29, 2000. It did so because that is the date the statute went into effect.

Count 1, the conspiracy to commit forced labor count, goes back to 1985. However, it is the defendants' position, and the government appears to agree (based on its proposed jury instructions), that the government must prove an overt act committed after October 29, 2000.

3

The general conspiracy statute, 18 U.S.C. §371, prohibits two distinct forms of conspiracy: (1) a conspiracy to commit a specific offense against the United States (the "offense clause"), and (2) a conspiracy to defraud the United States (the "defraud clause"). *See, e.g, United States v. Kraig*, 99 F.3d 1361, 1366-67 (6th Cir. 1996); *United States v. Brandon*, 17 F.3d 409, 422 (1st Cir. 1994). The indictment charges the defendants under the offense clause, the offense being forced labor under 18 U.S.C. §1589.

To sustain a conviction under the offense clause of §371, the government must show: (1) an agreement to accomplish an illegal objective against the United States, (2) one or more overt acts in furtherance of that purpose, and (3) an intent to commit the substantive offense. *United States v. Cueto*, 151 F.3d 620, 635 (7th Cir. 1998); *United States v. Archambault*, 62 F.3d 995, 999 (7th Cir. 1995); *United States v. Humphrey*, 34 F.3d 551, 555 (7th Cir. 1994).

Because the defendants must have intended that their conduct violate a substantive offense, and because the substantive offense did not exist until October 29, 2000, evidence of any pre-10/29/00 conduct pertaining to the forced labor counts is irrelevant. That is, the following evidence is irrelevant if it occurred before October 29, 2000:

- Threats of serious harm to and physical restraint against Irma Martinez.

- Any scheme, plan, and pattern intended to cause Irma Martinez to believe that if she did not perform labor or services she would suffer serious harm and physical restraint.

- Threatened abuse of law and legal process.

The fact that the harboring counts date back to 1985 does not make this evidence admissible. The pre-10/29/00 forced labor evidence is irrelevant to the elements of harboring an illegal alien. Accordingly, such evidence should excluded as irrelevant, prejudicial, and potentially leading to the confusion of issues, under Fed. R. Evid. 401 and 403.

Dated at Milwaukee, Wisconsin this 11th day of May, 2006.

Respectfully submitted,

GLYNN, FITZGERALD & ALBEE, S.C.

 s/Michael J. Fitzgerald
Michael J. Fitzgerald
State Bar No. 1012693
Attorney for Elnora Calimlim
Glynn, Fitzgerald & Albee, S.C.
526 E. Wisconsin Avenue
Milwaukee, Wisconsin 53202
(414) 221-9600
(414) 221-0600 facsimile
mfitz@gfalaw.com

 s/Thomas E. Brown
Thomas E. Brown
Attorney for Jefferson Calimlim
Gimbel, Reilly, Guerin & Brown
330 E. Kilbourn Avenue, #1170
Milwaukee, WI 53202

 s/Rodney L. Cubbie
Rodney L. Cubbie
Attorney for Jefferson N. Calimlim
3333 North Mayfair Road, #312
Wauwatosa, WI 53222-3219